AO 91 (Rev. 11/11)  Criminal Complaint (approved by AUSA Michael Miller)                                                                 25-183

# UNITED STATES DISTRICT COURT
for the

Eastern District of Pennsylvania

| United States of America | ) |
|---|---|
| v. | ) |
|  | ) Case No. 25-mj-1813 |
| Jimmy Fabian, | ) |
| Heny Agustini, | ) |
| Li Na Lin | ) |
| Defendant(s) | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of   January 2020 through April 2024   in the county of   Philadelphia   in the
  Eastern   District of   Pennsylvania  , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. Section 371 | Conspiracy to Defraud the United States |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

/s/ Nora-Marie Bohumil
Complainant's signature

Nora-Marie Bohumil, Special Agent, IRS-CI
Printed name and title

Sworn to before me and signed telephonically.

Date: 08/30/2025

/s/ Jose R. Arteaga
Judge's signature

City and state:   Margate, New Jersey     Honorable Jose R. Arteaga, U.S. Magistrate Judge
Printed name and title

**AFFIDAVIT IN SUPPORT OF**
**<u>A CRIMINAL COMPLAINT AND ARREST WARRANTS</u>**

I, Nora-Marie Bohumil, Special Agent, Internal Revenue Service – Criminal Investigation ("IRS-CI"), being duly sworn, state as follows:

**<u>INTRODUCTION AND AGENT BACKGROUND</u>**

1. I am a Special Agent with the United States Department of Treasury, IRS-CI, based in Philadelphia, Pennsylvania and have served in this capacity since May 2020. Prior to IRS-CI, I was a Special Agent with the Treasury Inspector General for Tax Administration from 2015 to 2020. My current duties and responsibilities include conducting and participating in investigations of individuals and businesses for criminal violations of Title 26 of the United States Code, as well as various criminal violations of Titles 18 and 31 of the United States Code.

2. I submit this affidavit in support of a criminal complaint and warrants for the arrests of Jimmy Fabian ("FABIAN"), Heny Agustini ("AGUSTINI"), and Li Na Lin ("LIN") for violating Title 18, United States Code, Section 371 (conspiracy to defraud the United States). Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint, I have not included every fact known to me concerning this investigation.

3. I have based this affidavit on my personal knowledge, information provided to me by other law enforcement officers, conversations I have had with others who have knowledge of the events described herein, interviews of witnesses, my review of relevant documents, and my review of surveillance video. Unless specifically indicated, all conversations and statements described in this affidavit are related in substance and in part. Where I assert that an event took place on a particular date or at a particular time, I am asserting that it took place on or about the date asserted and at approximately the time asserted.

**PROBABLE CAUSE**

4. I am investigating three individuals: FABIAN, AGUSTINI, and LIN. The three are the main actors behind Celebes Staffing Services, Inc. ("CELEBES"), a labor-leasing company based in Philadelphia, Pennsylvania, within the Eastern District of Pennsylvania. A labor-leasing company provides temporary workers to client businesses for a flat hourly rate. These temporary workers are employees of the leasing company, not the client business.

5. COMPANY A is a food-processing company that operates plants located in Charleroi, Pennsylvania. COMPANY A manufactures frozen food items like breakfast bowls and sandwiches. Based on an agreement between CELEBES and COMPANY A, memorialized in a contract signed by FABIAN, a subsequent contract signed by AUGUSTINI, and interviews with officers and employees of COMPANY A, CELEBES has been providing temporary workers to COMPANY A since at least in or about 2020.

6. Based on CELEBES's articles of incorporation filed with the Commonwealth of Pennsylvania, an interview with CELEBES's tax return preparer, and interviews with COMPANY A officers and employees, FABIAN is the owner and operator of CELEBES, AGUSTINI is the manager/bookkeeper of CELEBES, and LIN is a lead liaison to both COMPANY A and CELEBES employees who worked at COMPANY A. In these roles, FABIAN, AGUSTINI, and LIN knew the approximate number of CELEBES employees that CELEBES provided to COMPANY A as workers.

7. The contracts between CELEBES and COMPANY A defined CELEBES' responsibility for any applicable employment taxes, including the withholding and payment of such taxes. Interviews with COMPANY A officers and employees revealed that

CELEBES—through AGUSTINI and LIN—issued biweekly invoices to COMPANY A detailing laborers provided, hours worked, wage rates, and fees.

*FROM AT LEAST 2021 THROUGH 2023, CELEBES UNDERREPORTED BOTH ITS NUMBER OF EMPLOYEES AND THE AMOUNT OF TAXES OWED TO THE IRS BY APPROXIMATELY $8 MILLION*

8. Pursuant to Title 26 of the United States Code, employers, including CELEBES, were required to withhold amounts from their employees' gross pay including federal income taxes and Federal Insurance Contribution Act ("FICA") taxes, which represent Social Security and Medicare taxes. These taxes will be referred to in this Affidavit collectively as "trust fund taxes" because employers hold the withheld amounts in trust until paid over to the United States. Employers are required to remit these withheld, trust fund taxes to the IRS on a quarterly basis, no later than the last day of the month following the end of the quarter.

9. In addition to the trust fund taxes that must be withheld from pay, employers, including CELEBS, are separately required to make contributions under FICA for Social Security and Medicare in amounts matching the amounts withheld from their employees' pay for those purposes. Such employer contributions are likewise required to be remitted to the IRS no later than the last day of the month following the end of the quarter. Collectively, these five components required to be remitted quarterly are commonly referred to as "employment taxes," made up of the trust fund taxes withheld (individual income, Social Security and Medicare taxes) and the matching amounts contributed by the employer.

10. Employers are required to file, one month after the conclusion of the calendar quarter, an Employer's Quarterly Federal Tax Return, Form 941 ("Form 941"), setting forth the number of employees who received wages, tips, or other compensation, the total wages, tips and other compensation paid, the total amount of income taxes withheld, the total amount

3

of Social Security and Medicare taxes due, and the total tax deposits made for the quarter.

11. A person is responsible for collecting, accounting for, and paying over the employment taxes if he or she has the authority required to exercise significant control over the employer's financial affairs, regardless of whether the individual exercised such control in fact.

12. The number of individual workers listed on CELEBES' invoices to COMPANY A far exceeded the number of employees reported on CELEBES' Forms 941, for each calendar quarter beginning in at least the first quarter of 2021 through at least the fourth quarter of 2023. The following table illustrates the scale of CELEBES' underreporting through its IRS filings:

| End Date of Invoice Sent by CELEBES to COMPANY A | Number of CELEBES employees reported to COMPANY A per Invoices | Number of CELEBES employees reported to the IRS on Forms 941 | Number of CELEBES Employees Not Reported to the IRS |
|---|---|---|---|
| 12/31/2021 | 350 | 6 | **344** |
| 12/31/2022 | 376 | 11 | **365** |
| 12/31/2023 | 345 | 23 | **322** |

13. Bank records obtained show that FABIAN and AUGUSTINI are the authorized signatories of CELEBES' bank accounts. Documents from a check-cashing entity located in the Eastern District of Pennsylvania also show that AGUSTINI regularly cashed and caused to be cashed checks from COMPANY A to CELEBES representing payments for the provision of temporary employees. An interview with CELEBES' tax return preparer identified FABIAN as the owner of CELEBES, signatory of its tax returns, and the provider of the necessary documents for the preparation of CELEBES' tax returns, with the assistance of AUGUSTINI.

### *FABIAN THE OWNER, AGUSTINI THE MANAGER/BOOKKEEPER, AND LIN THE LOCAL REPRESENTATIVE CONSPIRED TO DEFRAUD THE IRS*

14. To conceal their scheme from the IRS, CELEBES operated a cash payroll scheme that generally proceeded as follows: AGUSTINI and LIN sent invoices to COMPANY A detailing the number of hours and corresponding wages of CELEBES employees assigned to work pursuant to the parties' contract. COMPANY A paid CELEBES with one or two checks representing the total payments due for a typical two-week period. LIN and/or other CELEBES employees collected the checks in Charleroi and mailed the checks to AGUSTINI in Philadelphia. AUGUSTINI subsequently cashed or caused the cashing of the checks at a check casher in Philadelphia and partitioned the cash into individual envelopes in the Eastern District of Pennsylvania. LIN and other CELEBES employees picked up the envelopes with cash in the Eastern District of Pennsylvania, transported these envelopes to Charleroi, and distributed or caused the distribution of the same to the individual CELEBES employees working for COMPANY A. FABIAN, with the assistance of AUGUSTINI, provided documents to CELEBES' tax return preparer understating, among other things, the number of employees, the total wages compensation paid, the total amount of income taxes withheld, and the total amount of Social Security and Medicare taxes due. FABIAN signed and caused to be signed the fraudulent returns for CELEBES prepared based on these documents and filed and cause to be filed these returns with the IRS.

15. Between the first quarter of 2021 and the fourth quarter of 2023, inclusive, the invoices paid by COMPANY A to CELEBES show total wages for CELEBES' employees of approximately $28,176,140.50. This amount substantially exceeds the total wages reported on CELEBES' Forms 941 for the same period, of approximately $871,243.92. The total underreported amount is therefore approximately $27,304,896.58.

16. Between the first quarter of 2021 through the fourth quarter of 2023, CELEBES failed to collect, truthfully account for, and pay over to the IRS employment taxes of approximately $8,159,794.16, including both the employees' share of the employment taxes and the employer's matching share of the employment taxes. These employment taxes comprised approximately $6,048,892.66 in employees' trust fund withholdings (comprising employee Federal Income Tax, Social Security, and Medicare withholdings) and $2,110,901.50 in employer's withholdings (comprising the employer's share of Social Security and Medicare taxes). Furthermore, based on bank records, documents obtained from and interviews with COMPANY A officers and employees, and an interview with CELEBES' tax return preparer, CELEBES paid a significant number of employees in cash "under-the-table," for which no employment taxes were withheld, accounted for, or paid over to the IRS.

17. From in or about 2020, and continuing through in or about 2024, in the Eastern District of Pennsylvania and elsewhere, defendants FABIAN, AGUSTINI, and LIN, and others known and unknown unlawfully, voluntarily, intentionally, and knowingly combined, conspired, confederated, and agreed together and with each other, to defraud the United States of America and an agency thereof, to wit, the Internal Revenue Service ("IRS") of the U.S. Department of the Treasury, for the purpose of impeding, impairing, obstructing, and defeating the lawful government functions of the IRS in the ascertainment, computation, assessment, and collection of revenue, to wit, federal employment taxes. In furtherance of the conspiracy and to effectuate its objects, FABIAN, AGUSTINI, and LIN committed the following overt acts, among others, in the Eastern District of Pennsylvania, and elsewhere:

    a. On or about October 15, 2021, defendant JIMMY FABIAN signed a fraudulent Form 941, which reported trust fund taxes for only four CELEBES employees for

the third quarter of 2021 despite the fact that CELEBES sent COMPANY A an invoice reporting that CELEBES had provided COMPANY A with approximately 317 employees during the same period.

b. On or about April 28, 2023, defendant HENY AGUSTINI cashed or caused to be cashed a check in the amount of approximately $351,640 from COMPANY A made payable to CELEBES.

c. On or about May 1, 2023, defendant LI NA LIN transported numerous envelopes containing cash wages for CELEBES employees from the Eastern District of Pennsylvania to the Western District of Pennsylvania and distributed these envelopes and caused the distribution of them to CELEBES employees working at COMPANY A.

Based on the foregoing facts, I respectfully submit that there is probable cause to believe that FABIAN, AGUSTINI, and LIN agreed, combined, and conspired to violate Title 18, United States Code, Section 371 (conspiracy to defraud the United States).

Respectfully submitted,

/s/ Nora-Marie Bohumil
Nora-Marie Bohumil
Special Agent
IRS - Criminal Investigations

Subscribed and sworn to before me telephonically
on August 30, 2025

/s/ Jose R. Arteaga
Honorable Jose R. Arteaga
United States Magistrate Judge